IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | Criminal No: 2:24-cr-00366 |
| vs. | |
| | **SENTENCING MEMORANDUM** |
| **DANIEL CAVEY** | |

On December 17, 2024, Defendant Daniel Cavey ("Cavey") pled guilty to counts 1, 2, and 8 of an eight-count Indictment. The United States submits this memorandum in advance of Cavey's sentencing. The United States Probation Office ("USPO"), in its Presentence Report ("PSR"), determined that the total offense level for Cavey is a 27. *See* PSR ¶ 109. Cavey's criminal history is a category VI, which results a guideline range of 130 to 162 months. *See* PSR ¶ 130. Count-eight of the Indictment, which Cavey pled guilty to, requires a 24-month term of imprisonment, consecutive to any other term of imprisonment imposed. As a result, the effective guideline range is 154 to 186 months. *See* PSR ¶¶ 110, 130. There are no objections to the PSR.

In the parties' plea agreement, based on an evaluation of the 18 U.S.C. § 3553(a) factors, the Government agreed to not ask for a sentence in excess of 120-months,[1] including the mandatory two-year consecutive term, so long as Cavey complied with the terms of his plea agreement. To-date, Cavey has complied. As such, the Government would ask that this Court impose a 120-month sentence.

---

[1] As set forth in the PSR, this is a stipulation between the parties that was not binding on the Court or the USPO. *See* PSR ¶ 132.

I.     BACKGROUND.

In May 2024, Cavey was charged in an eight-count Indictment along with Janine Keslar ("Keslar").[2] The facts giving rise to the Indictment pertain to Cavey, Keslar, and their other known-conspirators role and involvement in a scheme to defraud Lowe's Home Improvement and over 100 of their corporate account holders. The investigation into Cavey, Keslar, and their other known coconspirators was extensive. It was extensive because their fraud was extensive and spanned many years, many states, and many Lowe's Corporate accounts.[3]

The PSR does an excellent job of setting forth the offense conduct. *See* PSR ¶¶ 24 – 50. As such, for the purposes of this sentencing memorandum, the Government will only briefly summarize the conduct. Through the course of the conspiracy, which began at least as early as April 2019, Cavey, Keslar, and known coconspirators would gain access to Lowe's corporate account holders and determine what individuals were authorized users for those corporate accounts. Once individuals were identified, Cavey, and others, would create means of identification to enable them to complete the fraudulent purchases.

Cavey and his coconspirators perpetrated fraud in multiple states, to include Florida, North Carolina, and South Carolina, and at multiple Lowe's locations, which is, in part, why the investigation was extensive. *See* PSR ¶ 26. Cavey, working with Keslar and others, would regularly communicate about what corporate accounts, and individuals, to use. *See* PSR ¶¶ 32 –

---

[2] Keslar has pled guilty and is awaiting sentencing by this Court. In Keslar's plea agreement, the Government agreed that the loss amount attributable to her did not exceed $550,000, which reflected her role in the conspiracy. Keslar also was not charged with an aggravated identity theft count so her guideline range will be lower than Cavey's.

[3] The Government would refer the Court to PSR paragraphs 28, 31, and 50. As the Court will see, multiple electronic devices were seized and analyzed to determine corporate accounts that were used, which then had to be sent to Synchrony bank for a determination of fraud loss.

44. Further, Cavey would communicate with certain individuals he was selling the fraudulently obtained product to. *See* PSR ¶ 44.

As the PSR does an excellent job of explaining, Cavey, Keslar, and their coconspirators knew they were perpetrating an extensive and expansive fraud on Lowe's. Through the course of conspiracy, Cavey, and his coconspirators, fraudulently made in excess of $1 million of purchases on Lowe's corporate accounts. *See* PSR ¶ 59.

> II. **THE GOVERNMENT BELIEVES THAT AN EVALUATION OF THE STANDARDS SET FORTH IN 18 U.S.C. § 3553(a) WARRANTS A SENTENCE OF 120-MONTHS.**

The sentencing statute, 18 U.S.C. § 3553(a), requires the Court to impose a sentence that is "sufficient, but not greater than necessary," to comply with the purposes of sentencing.[4] In order to determine the "particular" sentence to impose, the Court must consider the familiar statutory factors listed in §3553(a)(1)-(7). Two of the statutory factors that the Court must consider are (1) the advisory guidelines range set by the Sentencing Commission and (2) the Commission's policy statements are factors to be considered. *See* §3553(a)(4) and (a)(5). Further, the Advisory sentencing guidelines "should be the starting point and the initial benchmark" in determining the appropriate sentence. *See Gall v. United States*, 522 U.S. 38 (2007).

Here, as explained below, an examination of the § 3553(a) factors support a sentence of 120-months for Cavey. Cavey and others, for at least six years, perpetrated in excess of $1 million of fraud on Lowe's and its corporate account holders by using fraudulent forms of identification.

---

[4] Those purposes are the need for the sentence "(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." § 3553(a)(2)(A)-(D).

3

A sentence of 120-months is a variant sentence[5] that weighs all the § 3553(a) factors and is sufficient but not greater than necessary.

    **A.**    **Nature of Offense and History and Characteristics of Defendant – §3553(a)(1).**

The offense is a serious offense, and coupled with Cavey's extensive criminal history, warrants a 120-month sentence. Fraud, alone, is a serious offense that would warrant a severe sentence. In Cavey's case, he committed fraud while using fraudulent forms of identification, which carries a mandatory two-year term of incarceration. *See* 18 U.S.C. § 1028A.

As for the history and characteristics of Cavey, his criminal history score is a 13. *See* PSR ¶ 82. When Cavey was arrested for the instant offense, despite being aware of the investigation because of his pending South Carolina warrants and the seizure of his phone, he was still committing fraud offenses on Lowe's. *See* PSR ¶¶ 95-96.

    **B.**    **Need for the Sentence Imposed to Reflect the Seriousness of the Offense, to Promote Respect for the Law, and to Provide Just Punishment for the Offense, Afford Adequate Deterrence to Criminal Conduct, and Need for the Sentence Imposed to Protect the Public from Further Crimes of the Defendant – §3553(a)(2)(A)-(C).**

Economic crimes and white-collar offenses must be met with sentences commensurate with the seriousness of the crimes themselves. Any sentence less than a significant period of incarceration would promote a lack of respect for the law. Concern that "white-collar offenders … frequently do not receive sentences that reflect the seriousness of their offenses" was among the motivations for the Sentencing Reform Act that gave rise to the United States Sentencing Guidelines. S. Rep. No. 98-225 (1983), reprinted in 1984 U.S.C.C.A.N. 3182, 3260. Moreover, a sentence of incarceration addresses the deterrence factor, which is so critical in corruption and fraud cases. Fraud is "'more rational, cool, and calculated than sudden crimes of passion or

---

[5] 120-months is 34 months less than the low end of the effective guideline range with the mandatory 24-month consecutive term for count 8.

opportunity,' these crimes are 'prime candidate[s] for general deterrence.'" *United States v. Martin*, 455 F.3d 1227, 1240 (11th Cir. 2006) (quoting White–Collar Plea Bargaining and Sentencing After Booker, 47 Wm. & Mary L.Rev. 721, 724 (2005)). "Defendants in white collar crimes often calculate the financial gain and risk of loss, and white-collar crime therefore can be affected and reduced with serious punishment." *Id*.

In the present case, a 120-month period of incarceration for Cavey reflects the seriousness of the offense and, in addition to promoting just respect for the law, will serve an important deterrence factor. In fact, just last month Governor McMaster signed into law a bill designed to crack down on organized retail theft.[6] Cavey did not commit a one-off fraud against Lowe's. Cavey's fraud spanned at least six years, spanned many states, and affected more than 100 Lowe's corporate account holders.

### C.    The Need to Avoid Unwarranted Sentence Disparities Among Defendants with Similar Records Who Have Been Found Guilty of Similar Conduct – §3553(a)(6).

Congress has directed sentencing courts to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct . . . ." 18 U.S.C. § 3553(a)(6). "[T]he kind of disparity with which § 3553(a)(6) is concerned is an unjustified difference across judges (or districts) rather than among defendants to a single case." *United States v. Pyles*, 482 F.3d 282, 290 (4th Cir. 2007), *vacated on other grounds* by 552 U.S. 1089 (2008) (internal quotation marks omitted). Thus, the Court is tasked with evaluating sentencing disparities nationwide, rather than between co-defendants. *See id*. "The Guidelines' goal of national sentencing uniformity is not aimed only at the particular criminal

---

[6]https://www.scstatehouse.gov/query.php?search=DOC&searchtext=H3523&category=LEGISLATION&session=126&conid=54884543&result_pos=0&keyval=1263523&numrows=10

5

conduct that co-conspirators may share, but also addresses other factors that often vary between co-conspirators like acceptance of responsibility and assistance to the government*." United States v. Withers*, 100 F.3d 1142, 1149 (4th Cir. 1996).

Notwithstanding the Fourth Circuit's noted goal of avoiding unwarranted nationwide disparities, the court has numerous times considered disparities among similarly situated co-defendants to be valid challenges to procedural reasonableness of a sentence. *See, e.g.*, *United States v. Webb*, 965 F.3d 262, 271 (4th Cir. 2020) (considering defendant's "arguments regarding sentencing disparities with his co-conspirators – an argument drawn directly from the 3553(a) factors" to be a non-frivolous argument district court needed to address); *United States v. Vinson*, 852 F.3d 333, 358 (4th Cir. 2017) (rejecting argument that defendant's sentence resulted in unfair disparity between co-defendants under 3553(a)(6) because co-defendants pleaded, but defendant went to trial); *United States v. Allmendinger*, 706 F.3d 330, 343 (4th Cir. 2013) ("Indeed, the district court specifically noted that it was considering unwarranted disparities both among defendants in general and among co-defendants within the case. We therefore conclude that the district court's explanation satisfied the requisite standard.").

Here, a sentence of 120-months for Cavey would not create an unwarranted disparity. At the outset, a sentence of 120-months would be a variant sentence. It is also worth noting that Keslar, Cavey's co-Defendant, will certainly receive a less-severe sentence but this will not create an unwarranted disparity. Keslar's fraud-loss is not as extensive based on her role in the conspiracy, which in and of itself warrants a less severe sentence.

### D.     The need to Provide Restitution – §3553(a)(7).

One of the factors that the Court must consider in fashioning a sentencing is the need to provide restitution for the victims of the offense. As set forth in the PSR in paragraph 60,

restitution is mandatory in this case pursuant to 18 U.S.C. § 3663A. Unfortunately, it is highly unlikely that the victim will ever be made whole for Cavey and his co-Defendant's fraud.

### III. CONCLUSION.

For the reasons stated in this memorandum, the Government believes the probation officer has correctly calculated the guidelines and believes that after § 3553(a) are examined, a sentence of 120-months is sufficient but not greater than necessary to comply with the relevant sentencing factors.

RESPECTFULLY SUBMITTED,

BROOK B. ANDREWS
ACTING UNITED STATES ATTORNEY

BY: /s/ *Amy Bower*
Amy F. Bower (Fed. Id. 11784)
Assistant U.S. Attorney
151 Meeting Street, Suite 200
Charleston, South Carolina 29401
(843) 727-4381
Amy.Bower@usdoj.gov

Charleston, South Carolina
April 28, 2025